Louis BORGH, Plaintiff–Appellant,

v.

Jack GENTRY, Defendant–Appellee.

Nos. 91–8051, 91–8314.

United States Court of Appeals,
Eleventh Circuit.

Feb. 18, 1992.

Richard A. Marchetti, Mark R. Youmans, Page, Scrantom, Harris & Chapman, Columbus, Ga., for defendant-appellee.

Before FAY and HATCHETT, Circuit Judges, and GIBSON *, Senior Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge:

In case number 91–8051, Louis Borgh appeals the district court's findings of fact and conclusions of law pertaining to his action against Jack Gentry for partnership accounting and breach of contract. In case number 91–8314, he appeals the court's grant of summary judgment on tort claims arising from Gentry's actions with respect to the partnership. We affirm the judgment of the district court in case number 91–8051 insofar as it resolves Borgh's action for accounting, but we vacate and remand the judgment insofar as it resolves Borgh's claim for breach of contract. We also vacate and remand the judgment in case number 91–8314.

## I.  BACKGROUND

On June 14, 1985, Louis Borgh and Jack Gentry formed a general partnership to conduct a dog racing operation. Under the terms of the partnership agreement, Borgh was to pay Gentry a total of $150,000; $45,000 for the purchase of greyhounds and $105,000 for the creation and management of the operation. Borgh paid the first installment of $100,000 when the agreement was signed and paid the remaining $50,000 six months later. The partners agreed that Gentry would be the managing partner and his wife would be the partnership's bookkeeper. They also agreed that all profits and losses would be borne by the partnership, with each partner contributing additional sums of money to the operation of the business. The partnership income consisted of purse winnings from racetrack bookings.[1] The partners were to be paid a

---

William G. Scrantom, III, Columbus, Ga., for plaintiff-appellant.

* Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

1. A booking is a dog racing kennel's contract to operate at a racetrack.

sum equal to 35% of each purse up front and the balance was to be divided between the partners after the payment of all partnership expenses. By 1987 the partnership had became unprofitable and Borgh began removing dogs from the partnership operation for use at his own personal bookings.

On October 29, 1987, Borgh filed this action for an accounting and dissolution of the partnership. In his responsive pleadings, Gentry agreed to the dissolution of the partnership and filed counterclaims for breach of fiduciary duty and breach of contract. Borgh then filed an answer seeking a trial by jury and raising defenses to Gentry's counterclaims. On March 14, 1988, the court terminated the partnership but reserved the right to find an earlier date of termination after reviewing the evidence at trial.[2] On April 13, 1988, Borgh filed an amended and recast complaint, adding a claim for breach of the partnership agreement and a prayer for trial by jury on that issue. On the day of the pretrial conference, Borgh filed a second motion to amend his complaint to include tort claims against Gentry. The court denied this second motion as untimely because the potential prejudice to Gentry outweighed Borgh's right to pursue additional theories. Borgh filed a second complaint in state court, which was later removed to federal court, seeking money damages for the same tort claims he sought to include in the second amended and recast complaint. The first case, No. 91-8051, proceeded to trial and the court entered judgment against Borgh in the amount of $61,132.28. The court then granted Gentry's motion for summary judgment in the second case, No. 91-8341, based upon the court's findings in the first case. Borgh appeals both decisions, and the appeals have been consolidated.

## II. DISCUSSION

### A. Trial by jury

Borgh argues he was improperly denied a right to a jury trial on his legal claim of breach of contract raised in his first amended and recast complaint. We agree. The right to a jury trial "shall be preserved ... inviolate," and a court's discretion "is very narrowly limited and must, wherever possible, be exercised to preserve jury trial." *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 510, 79 S.Ct. 948, 956, 3 L.Ed.2d 988 (1959). Where both legal and equitable issues are presented in a single case, "only under the most imperative circumstances ... can the right to a jury trial of legal issues be lost through prior determination of equitable claims." *Id.* at 510–511, 79 S.Ct. at 957.

Examination of the pleadings, the evidence, and the district court's opinion reveals both the equitable and legal nature of Borgh's claims against Gentry. Borgh's original claim was for an accounting, but his first recast and amended complaint included a claim for breach of contract. Although an accounting is an equitable procedure to be tried without a jury, *Phillips v. Kaplus,* 764 F.2d 807, 813 (11th Cir.1985), *cert. denied,* 474 U.S. 1059, 106 S.Ct. 802, 88 L.Ed.2d 778 (1986) ("Moreover, under federal law, actions for accounting have traditionally been considered equitable." [citations omitted]), the issue of breach of contract is a legal issue to be tried by a jury. *Seaboard Lumber Co. v. United States,* 903 F.2d 1560, 1563 (Fed.Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1308, 113 L.Ed.2d 243 (1991) ("Seventh Amendment preserves a right to a jury trial on issues of fact in suits for breach of contract damages between private party litigants").

The district court improperly characterized the action as one merely for accounting and made factual findings relating to the legal claims raised by Borgh when it held that "[t]he Plaintiff is not entitled to recover any sums for damages from the Defendant because the evidence does not show that the Defendant violated the partnership agreement." *Borgh v.*

---

2. The court later determined the termination date of the partnership was December 31, 1987, finding that "for all practical purposes the part-

nership had ended." *Borgh v. Gentry,* No. 87-142–COL, slip op. at 9 (M.D.Ga. Nov. 30, 1990).

*Gentry,* No. 87–142–COL, slip op. at 12 (M.D.Ga. Nov. 30, 1990). The court also concluded that "the Plaintiff has breached the agreement and is in no position to claim a rescission." *Id.* at 14. We hold the court erred in refusing to grant Borgh's demand for a jury and improperly made factual findings related to the breach of contract claim in case number 91–8051. Because these factual findings also formed the basis for the court's grant of summary judgment in case number 91–8314, we vacate the judgment in case number 91–8314 insofar as it relies on the court's determination of issues that should have been determined by a jury.

### B. Findings of Fact

■ Borgh further contends the district court made two erroneous findings of fact relating to the partnership accounting. We will not reverse a district court's findings of fact unless they are clearly erroneous. *Griffin v. Carlin,* 755 F.2d 1516, 1526 (11th Cir.1985). Borgh first argues it was error to direct Borgh's partnership interest be reduced by $24,650.00 to account for money spent by Gentry to purchase new greyhounds. We disagree. The court found that it was necessary for the partnership to have a sufficient number of dogs to satisfy the partnership's obligations at various racetracks. We find no error in the court's conclusion that Borgh's removal of the dogs hindered the partnership operation and made it necessary for Gentry to spend $49,300 to purchase replacement greyhounds. *Borgh,* slip op. at 10–11.

■ Second, Borgh alleges the court erroneously found that Borgh was required to pay for half of Gentry's expenses in hiring an accountant to determine the assets of the partnership. We disagree. The district court found that it was necessary to hire an accountant in order to make an accurate determination of the partnership assets. *Id.* at 12. We find no error in the district court's determination that the accountant's charges to the partnership in the amount of $27,683.59 were a legitimate partnership expense equally attributable to both parties.

### III. CONCLUSION

We hold the district court erred in failing to grant Borgh's request for a jury trial on the legal issues raised in his amended complaint. We affirm the district court's finding of facts and conclusions of law in case number 91–8051 as they relate to the partnership accounting and we vacate and remand for a jury trial on the contract issue. We vacate the judgment in case number 91–8314 and remand for further proceedings consistent with this opinion.